F I L E D
CLERK, U.S. DISTRICT COURT
12/16/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ABDUL-MALIK MCCLAIN,<br>　　aka "Malik McClain,"<br><br>　　　　　Defendant. | CR 2:21-CR-00580-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1341: Mail Fraud;<br>18 U.S.C. § 1028A(a)(1):<br>Aggravated Identity Theft] |

The Grand Jury charges:

## COUNTS ONE THROUGH TEN

[18 U.S.C. §§ 1341, 2(a), 2(b)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Defendant ABDUL-MALIK MCCLAIN, also known as "Malik McClain," was a resident of Los Angeles, California.  Defendant MCCLAIN was a student at University 1 and a member of University 1's football team.

2.   The Employment Development Department ("EDD") for the State of California was the administrator of the unemployment insurance ("UI") benefit program in California.

3.   On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.  As a result, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which the President signed into law on March 27, 2020.  The CARES Act provided over $2 trillion in economic relief protections to the American people from the public health and economic impacts of COVID-19.

4.   Prior to the enactment of the CARES Act, to be eligible for UI administered by EDD, a person had to have been employed and worked in California and received at least a certain amount of wages from an employer in the 18 months preceding his/her UI benefits claim. Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

5.   The CARES Act established a new program -- Pandemic Unemployment Assistance ("PUA") -- to provide unemployment benefits during the COVID-19 pandemic to people who did not qualify for regular unemployment insurance benefits, including business owners, self-employed workers, independent contractors, and those with a limited work history who were out of business or had significantly reduced their services as a direct result of the pandemic.  UI benefits provided under the PUA program are sometimes referred to as PUA benefits.

6. Under the PUA provisions of the CARES Act, a person who was a business owner, self-employed worker, independent contractor, or gig worker could qualify for PUA benefits administered by EDD if he/she previously performed such work in California and was unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19-related reason.

7. Persons applying for PUA benefits between April 2020 and November 2020 did not need to submit any supporting documents to EDD with their applications. Claimants entered their total income for the 2019 calendar year on the application. The stated income was used to pay the minimum benefits of $167 per week. EDD could request documentation to provide proof of the stated income.

8. A PUA claimant was required to answer various questions to establish his/her eligibility for PUA benefits. The claimant was required to provide his/her name, Social Security Number, and mailing address. The claimant was also required to identify a qualifying occupational status and COVID-19 related reason for being out of work.

9. After it accepted a UI claim, including a claim submitted pursuant to the PUA program, EDD typically deposited UI funds every two weeks to an Electronic Bill Payment ("EBP") debit card administered by Bank of America ("BofA"), which the claimant could use to pay for his/her expenses. The EBP card was mailed via the United States Postal Service to the claimant at the address the claimant provided in his/her UI application.

B. THE SCHEME TO DEFRAUD

10. Beginning no later than July 2020 and continuing through at least September 2020, in Los Angeles County, within the Central

3

1  District of California, and elsewhere, defendant MCCLAIN, together
2  with others known and unknown to the Grand Jury, knowingly and with
3  the intent to defraud, devised, participated in, and executed a
4  scheme to defraud EDD and the United States Treasury as to material
5  matters, and to obtain money and property from EDD and the United
6  States Treasury, namely, UI benefits, including PUA benefits, by
7  means of material false and fraudulent pretenses, representations,
8  and promises, and the concealment of material facts.

9  11. The fraudulent scheme operated, in substance, as follows:

   a. Defendant MCCLAIN and his co-schemers filed and caused to be filed with EDD fraudulent applications for UI benefits including PUA benefits (the "fraudulent UI benefit applications") in their own names; the names of other persons, including players on the University 1 football team and other friends and associates; and the names of persons who had not authorized defendant MCCLAIN and/or his co-schemers to file such applications on their behalf (the "named claimants").

   b. In one part of the scheme, defendant MCCLAIN and his co-schemers obtained and caused to be obtained, and listed and caused to be listed on the fraudulent UI benefit applications, personal identification information of the named claimants.

   c. Defendant MCCLAIN and his co-schemers listed and caused to be listed email addresses for the named claimants that, in at least some instances, did not belong to the named claimants but had been created and caused to be created by defendant MCCLAIN and his co-schemers and that defendant MCCLAIN and his co-schemers controlled.

4

   d. Defendant MCCLAIN and his co-schemers falsely represented, and caused to be falsely represented, on the fraudulent UI benefits applications that the named claimants were self-employed workers, including athletic trainers and tutors, whose employment had been negatively affected by the COVID-19 pandemic.  In fact, as defendant MCCLAIN then knew, the named claimants were not self-employed workers whose employment had been negatively affected by the COVID-19 pandemic.

   e. Defendant MCCLAIN and his co-schemers also falsely represented, and caused to be falsely represented, on the fraudulent UI benefits applications that the named claimants resided and worked in California, and that they had lost work in California as a result of the COVID-19 pandemic.  In fact, as defendant MCCLAIN then knew, the named claimants had not worked or planned to work in California, nor had they lost work in California as a result of the COVID-19 pandemic.

   f. Defendant MCCLAIN and his co-schemers also falsely represented, and caused to be falsely represented, on the fraudulent UI benefits applications that the named claimants were seeking work but unable to find work in California.  In fact, as defendant MCCLAIN then knew, the named claimants were not seeking work in California and were not unable to find work in California.

   g. By falsely stating that the named claimants had worked and planned to work in California, that they had lost work in California as a result of the COVID-19 pandemic, and that they were seeking work but unable to find work in California, defendant MCCLAIN and his co-schemers falsely represented, and caused to be falsely represented, that the named claimants were eligible for UI benefits

administered by EDD when, as defendant MCCLAIN then knew, they were not eligible for such benefits.

   h. As a result of the fraudulent UI benefits applications that defendant MCCLAIN and his co-schemers filed and caused to be filed, EDD authorized BofA to issue EBP debit cards in the names of the named claimants.

   i. Defendant MCCLAIN and his co-schemers listed and caused to be listed on the UI benefit applications addresses to which they had access as the mailing addresses for the named claimants. Defendant MCCLAIN knew that, by doing so, defendant MCCLAIN and his co-schemers would cause BofA to mail the EBP debit cards issued to the named claimants to these addresses, thereby enabling defendant MCCLAIN and his co-schemers to take possession of the EBP debit cards.

   j. Defendant MCCLAIN and his co-schemers received the EPB debit cards issued as a result of the fraudulent UI benefit applications and used the EPB debit cards and caused the EPB debit cards to be used to withdraw UI benefits loaded onto the debit cards by making cash withdrawals at Automated Teller Machines and at banking centers, and to pay for purchases of goods and services. Defendant MCCLAIN and his co-schemers also transferred and caused the transfer of funds from accounts associated with the EBT debit cards to accounts the co-schemers controlled.

   k. In another part of the scheme, defendant MCCLAIN and his co-schemers assisted others to file fraudulent UI benefits applications in their own names and using their own personal identification information and their own addresses.  In at least some instances, defendant MCCLAIN and his co-schemers requested and

received payment from these claimants in exchange for their assistance in filing the fraudulent UI benefit applications.

12. Through this scheme, defendant MCCLAIN and his co-schemers caused at least approximately 36 fraudulent applications for PUA benefits to be filed with EDD, resulting in attempted losses to EDD and the United States Treasury of at least approximately $903,688 and actual losses of at least approximately $227,736.

B.   USE OF THE MAILS

13. On or about the dates set forth below, within the Central District of California and elsewhere, defendant MCCLAIN and his co-schemers, aiding and abetting each other, for the purpose of executing the above-described scheme to defraud, willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, according to the directions thereon:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| ONE | 7/29/2020 | EBP debit card for an account in the name of M.S. ending in 1672 sent by U.S. Mail from BofA to an address on Jefferson Boulevard in Los Angeles, California |
| TWO | 8/11/2020 | EBP debit card for an account in the name of T.T. ending in 2962 sent by U.S. Mail from BofA to an address on Jefferson Boulevard in Los Angeles, California |
| THREE | 8/21/2020 | EBP debit card for an account in the name of J.D. ending in 4301 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |
| FOUR | 8/21/2020 | EBP debit card for an account in the name of T.M. ending in 4056 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| FIVE | 8/21/2020 | EBP debit card for an account in the name of D.T. ending in 7447 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |
| SIX | 8/24/2020 | EBP debit card for an account in the name of V.B. ending in 5750 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |
| SEVEN | 8/24/2020 | EBP debit card for an account in the name of W.G. ending in 9382 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |
| EIGHT | 8/24/2020 | EBP debit card for an account in the name of D.H. ending in 2903 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |
| NINE | 8/24/2020 | EBP debit card for an account in the name of L.H. ending in 5178 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |
| TEN | 8/24/2020 | EBP debit card for an account in the name of J.M. ending in 1180 sent by U.S. Mail from BofA to an address on Lincoln Boulevard in Los Angeles, California |

COUNTS ELEVEN AND TWELVE

[18 U.S.C. §§ 1028A(a)(1), 2(a), 2(b)]

14. The Grand Jury realleges paragraphs 1 through 9, 11, and 12 of this Indictment here.

15. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant MCCLAIN, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification that defendant MCCLAIN knew belonged to another person, namely, the names and social security numbers of the following individuals, during and in relation to the offense of Mail Fraud, a felony violation of Title 18, United States Code, Section

//
//
//
//
//
//
//
//
//
//
//
//
//
//

1341, as charged in the counts of this Indictment identified below:

| COUNT | DATES | MEANS OF IDENTIFICATION | FELONY VIOLATION |
|---|---|---|---|
| ELEVEN | 8/19/2020 through 9/25/2020 | Name and Social Security Number of L.H. | COUNT NINE |
| TWELVE | 8/20/2020 through 9/10/2020 | Name and Social Security Number of J.M. | COUNT TEN |

A TRUE BILL


/S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section