```
TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KERRY L. QUINN (Cal. Bar No. 302954)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5423
     Facsimile: (213) 894-6269
     E-mail:    Kerry.L.Quinn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:21-CR-580-MWF |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST REGARDING PROTECTIVE ORDER FOR DISCOVERY |
| v. | |
| ABDUL-MALIK MCCLAIN, | |
| Defendant. | |

Plaintiff, United States of America (the "government"), by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kerry L. Quinn, and defendant ABDUL-MALIK MCCLAIN ("defendant," collectively, with the government, the "parties"), by and through his counsel of record, Alex R. Kessel, Esq., for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII"); (2) other confidential information; (3) material that may contain information

within the scope of the Privacy Act; and (4) information related to cooperating witnesses who may testify at trial.

The bases for this stipulation and application are as follows:

1. Defendant is charged in this matter with violations of 18 U.S.C. § 1343 (wire fraud); and 18 U.S.C. § 1028A(a)(1) (aggravated identity theft). Defendant is on bond pending trial.

2. A protective order is necessary because discovery in this case includes PII and other confidential information, including, among other things, bank statements and other financial records, unemployment insurance applications and employment-related information, other proprietary and confidential business information, criminal history records, and may include medical records and other confidential materials and information protected by the Privacy Act, 5 U.S.C. § 552a, provisions of 45 C.F.R. §§ 164.102-164.534, and/or provisions of 42 U.S.C. § 1306, and other statutes. The government believes disclosure of this confidential information without a protective order may compromise the privacy, security, and confidentiality of third parties, and absent court order could otherwise be prohibited or restricted by statute. Further, documents that contain confidential information make up a significant portion of discovery in this case, and confidential information itself may have investigative or evidentiary value. In this situation, redaction of all of the confidential information in discovery, in addition to being prohibitively time consuming and infeasible, may interfere with defense counsel's ability to evaluate the case, provide advice to defendant, and prepare for trial.

3. The purpose of the proposed protective order is to (a) allow the government to comply with its discovery obligations

while protecting confidential information, and (b) provide the defense counsel with information necessary to represent defendant.

4. Accordingly, the parties hereby stipulate and ask the Court to issue a Protective Order for discovery under the following terms:

Definitions

    a. The term "PII Materials" refers to any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or other personal identification number or means of identification.

    b. The term "Medical Materials" refers to any individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

    c. The term "Business Materials" refers to any bank statements, loan files, mortgage statements, other financial records, property and escrow records, title reports, and other proprietary or confidential business information.

    d. The term "Confidential Information" refers to PII Materials, Medical Materials, Business Materials, and other confidential information, including, among other things, immigration records, criminal history records, and other confidential materials and information protected by the Privacy Act, 5 U.S.C. § 552a, provisions of 45 C.F.R. §§ 164.102-164.534, provisions of 42 U.S.C. § 1306, and other statutes. The term "Confidential Materials" refers to any document, file, or other item of discovery that contains Confidential Information.

e. The term "defense team" refers to (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who are or may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The term "defense team" does not include defendant, defendant's family members, other associates, or other witnesses or third parties.

Terms of Protective Order

f. The government is authorized to produce Confidential Materials to the defense team, with or without redacting Confidential Information from the Confidential Materials. The government shall label any Confidential Materials subject to the Protective Order as "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or otherwise identify such materials by Bates Number, by discovery disc number, or by some other identifiable means, such as by labeling a file name with the term "CONFIDENTIAL." If defendant objects to such a designation with respect to any materials, the defendant may file a motion with the Court challenging the designation. However, before filing any such motion, defendant must first meet and confer with the government regarding any objections to the designation of materials.

g. The defense team shall not permit anyone other than the defense team to have possession of Confidential Materials, while outside the presence of the defense team. At no time, under no circumstance, will any Confidential Materials be left in the

4

1  defendant's possession, custody, or control, nor will defendant be
2  allowed to copy or make notes of Confidential Information,
3  regardless of defendant's custody status.
4        h.   Defendant may review Confidential Materials only in
5  the presence of a member of the defense team, who shall ensure that
6  defendant does not copy or make notes of Confidential Information
7  and that defendant is never left alone with any Confidential
8  Materials.  At the conclusion of any meeting at which defendant is
9  permitted to view Confidential Materials defendant must return any
10 Confidential Materials to the defense team, and the member of the
11 defense team present shall take all such materials with him or her.
12 Defendant may not take any Confidential Materials out of the room in
13 which defendant is meeting with the defense team.
14       i.   Defendant may see and review Confidential Materials
15 as permitted by this Protective Order, but defendant may not copy,
16 keep, maintain, or otherwise possess any Confidential Materials in
17 this case at any time.  Defendant also may not write down or
18 memorialize any Confidential Information contained in the
19 Confidential Materials.
20       j.   The defense team may review Confidential Materials
21 with a witness or potential witness in this case, including
22 defendant, only as provided under the Protective Order.  A member of
23 the defense team must be present if Confidential Materials are being
24 shown to a witness or potential witness and must, before showing
25 them any Confidential Materials, inform the witness or potential
26 witness of the requirements of the Protective Order, and obtain
27 their agreement to be bound by its terms.  No member of the defense
28 team shall permit a witness or potential witness to retain

Confidential Materials or to make or retain any notes of Confidential Materials.

k. The defense team shall maintain Confidential Materials safely and securely, and shall exercise reasonable care in ensuring the confidentiality of Confidential Materials by (1) not permitting anyone other than members of the defense team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Materials; (2) not divulging to anyone other than members of the defense team, defendant, witnesses, and potential witnesses, the contents of Confidential Materials; and (3) not permitting Confidential Materials to be outside the defense team's offices, homes, vehicles, or personal presence.

l. To the extent that defendant, the defense team, witnesses, or potential witnesses create notes or copies that contain, in whole or in part, Confidential Information, or to the extent that copies or reproductions of Confidential Materials are made for authorized use by members of the defense team, such notes, copies, or reproductions become Confidential Materials subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

m. Members of the defense team shall use any and all discovery produced in this case, including Confidential Materials, only for the preparation, investigation, and litigation of this matter, and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. Within 30 days of the conclusion of the case including appellate and post-conviction proceedings, defense counsel shall return Confidential Materials to

the government, certify that all Confidential Materials have been destroyed, or certify that Confidential Materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

    n. In the event defense counsel needs to file Confidential Materials with the Court, defense counsel shall provide the government with advance written notice to afford the government an opportunity to object or otherwise respond to such intention. If the government does not object or respond, defense counsel shall make reasonable attempts to limit disclosure of Confidential Information, including by redacting Confidential Information as required by court rules including Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 49.1-1, but defense counsel need not request the entire filing be sealed, although defense counsel is not precluded from doing so. The government may file Confidential Materials with the Court either under seal or on a public docket after making reasonable attempts to limit disclosure of Confidential Information, including by redacting Confidential Information. If the parties disagree about the treatment of Confidential Information with regard to public filing, they may apply to the Court for appropriate relief, but not before making a reasonable attempt to meet and confer on the issue.

    o. In the event that there is a substitution of counsel, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Materials to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to

the Assistant United States Attorney assigned to the case.  New defense counsel then will become the defense team's custodian of Confidential Materials and assume all obligations of defense counsel under this stipulation and the Protective Order.

      p.   Defense counsel agree to advise defendant and all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the defense team with access to any Confidential Materials.

      q.   Defense Counsel has conferred with defendant regarding this stipulation and the proposed order, and defendant agrees to the terms of the proposed order.

IT IS SO STIPULATED.

DATED: January 14, 2022        TRACY L. WILKISON
                                          United States Attorney

                                          SCOTT M. GARRINGER
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                          */s/ Kerry L. Quinn*
                                          KERRY L. QUINN
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

DATED: January 14, 2022        */s/ by email permission*
                                            ALEX R. KESSEL
                                          Attorneys for Defendant
                                          ABDUL-MALIK MCCLAIN