**ALEX R. KESSEL, ESQ. (State Bar No. 110715)**
LAW OFFICES OF ALEX R. KESSEL
15910 Ventura Blvd.
Suite 1030
Encino, California 91436
Telephone: (818) 995-1422
Facsimile: (818) 788-9408
Email: KesselLawFirm@gmail.com

Attorney for Defendant
**ABDUL-MALIK MCCLAIN**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ABDUL-MALIK MCCLAIN,<br><br>　　　　　　Defendant. | CASE NO.: 2:21-CR-00580-MWF<br><br>**DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL OF RECORD: SUPPORTING DECLARATIONS, EXHIBIT AND PROPOSED ORDER**<br><br>**Courtroom:  Honorable Michael W. Fitzgerald** |

**TO THE HONORABLE MICHAEL W. FITZGERALD, UNITED STATES DISTRICT COURT JUDGE:**

　　Defense counsel Alex R. Kessel hereby moves this Honorable Court to permit him to withdraw as counsel of record for defendant ABDUL-MALIK McCLAIN.

　　Defense counsel moves to withdraw based on the client's financial inability to honor his obligation to pay reasonable attorney fees. Defendant is indigent and cannot afford private counsel.

　　This Motion is based upon the attached Declarations, the attached Exhibit, the attached Memorandum of Points and Authorities, the pleadings, all reports on file in this action and on further oral and/or documentary evidence as may be presented at the hearing on this motion.

1 | Dated: March 8, 2022

Respectfully Submitted,

s/Alex R. Kessel
_____
ALEX R. KESSEL
Attorney for Defendant,
**ABDUL-MALIK MCCLAIN**

# DECLARATION OF ALEX R. KESSEL

I, Alex R. Kessel, declare as follows:

1) I am currently the attorney of record for defendant, ABDUL-MALIK McCLAIN, in Case No. 2:21-CR-00580-MWF.

2) On December 6, 2021, an Indictment was issued charging defendant with a total of 12 counts which includes Mail Fraud [18 U.S.C. section 1341§] and Aggravated Identity Theft [18 U.S.C. §1028A(a)(1). On December 20, 2021, defendant was arraigned on the instant indictment. Trial in this matter is currently set for October 25, 2022.

3) I was retained by the defendant on December 16, 2021.

4) When first retained, I did not know the nature and scope of the discovery. I took a small retainer from the defendant's mother who agreed to future periodic payments of my entire fee.

5) The case involves defendant, while a student at USC, allegedly conspiring with others to submit multiple false applications for unemployment benefits through the State of California and the federal CARES Act and thereafter receiving cash benefits.

6) In February 2022, counsel received voluminous discovery from the Government which includes over 50,000 pages of documents, multiple financial records and multiple audio/video recordings.

7) The case will involve hundreds of hours of case preparation including discovery review, case investigation, motions preparation, pretrial hearings followed by a possible trial.

8) On February 12, 2022, I was advised by the defendant that neither he nor his family can afford or pay the remaining attorney fees which is about 75% of the total fees.

Also, defendant does not have the financial resources to pay for a private investigator which is necessary in this case. At the current time, defendant is a college student without sufficient financial resources to cover the costs of private counsel. (See Defendant's Financial Affidavit attached hereto as "Exhibit A".) The defendant indicated he will have no future financial resources from which to pay the outstanding attorney's fees (See defendant's signed declaration).

9) The case is still at an early stage to allow new appointed counsel to review discovery and properly represent the defendant.

10) I respectfully request to be relieved at this early stage based on the defendant's financial inability to afford private counsel in a very complex fraud case.

11) Defendant consents to this request and would request the Court to appoint counsel for him from the CJA Panel. Counsel believes other defendants/witnesses are currently represented by the Federal Public Defender's office.

12) Without allowing counsel to withdraw, defense counsel will suffer an unreasonable financial burden based on the massive time and effort needed to properly defend this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of March 2022, in Encino, California.

s/ Alex R. Kessel
DECLARANT, ALEX R. KESSEL
Attorney for Defendant,
**ABDUL-MALIK McCLAIN**

4

# DECLARATION OF DEFENDANT

I, Abdul-Malik McClain, declare as follows:

1) I am the defendant in the above-referenced case.

2) In December 2021, I was charged with multiple counts of mail fraud and aggravated identity theft.

3) I originally consulted with and retained Mr. Alex R. Kessel as my attorney.

4) At the time of retainment, neither Mr. Kessel nor I knew the voluminous nature of the discovery or the complexity of the case.

5) Mr. Kessel was kind enough to allow my family to make a small down payment towards his reasonable attorney fee request and set up a future payment plan for the balance of the fees.

6) After much discussion with my family, we will never have the financial resources to pay Mr. Kessel his attorney fees. I also do not have the financial resources to pay for a private investigator or experts.

7) The voluminous discovery, case preparation, motions and a potential trial will require hundreds of hours of work for Mr. Kessel.

8) Based on the foregoing, I respectfully request the court to relieve Mr. Kessel as my attorney of record and appoint me counsel from the CJA Panel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this __7th__ st day of March 2022, in Encino, California.

_____
DECLARANT, ABDUL-MALIK McCLAIN
Defendant

5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## LEGAL STANDARD FOR WITHDRAWING AS COUNSEL

*Local Civil Rule 83-2.3.2* provides in relevant part:

> An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause.

The *Model Rules of Professional Conduct Rule 1.16* provides that an attorney may seek to withdraw from representation when:

> "(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."

Additionally, Canon 44 of the American Bar Association recognizes that an attorney is justified in withdrawing as counsel after notice to the client if the client 'deliberately disregards an agreement or obligation as to fees or expenses."

Defendant McClain cannot meet his financial obligations in a case involving voluminous discovery and the need to expend hundreds of hours of work by counsel. Defendant is a college student who recently advised counsel he cannot fulfill his obligations to pay attorney fees due to his minimal income and the lack of any assets. The case is still in the early stages to allow appointed counsel to move forward. Accordingly, defense counsel request this Honorable Court to permit counsel to withdraw as attorney of record and appoint defendant new counsel.

//

Dated: March 8, 2022

Respectfully Submitted,

s/Alex R. Kessel

ALEX R. KESSEL
Attorney for Defendant,
**ABDUL-MALIK MCCLAIN**