Justin A. Palmer (SBN. 270857)
**FILER | PALMER, LLP**
8901 South La Cienega Boulevard, Suite 202
Inglewood, CA 90301
Telephone:   (310) 658-8935
Facsimile:   (562) 394-0504
Email:        justin@filerpalmer.com

Counsel for Defendant,
ABDUL MALIK MCCLAIN

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA –

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>    vs.<br><br>ABDUL-MALIK MCCLAIN<br><br>            Defendant. | Case No. 2:21-cr-00580-ODW<br>***[Assigned to Hon. Otis D. Wright]***<br><br>**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**<br><br>**Sentencing Date:    1/20/2026<br>Time: 11:00 a.m.** |

By and through his counsel of record, Justin A. Palmer, Abdul-Malik McClain submits his position regarding sentencing. This position is based on the files and records in this matter, the attached exhibits, and any further argument this Court might require.

*Sidebar (rotated text):* FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION & SENTENCING POST-BOOKER

Given the totality of the circumstances, including the factors under Federal Rule of Criminal Procedure 11(c)(1)(B) and the history and characteristics of the defendant as detailed below, Mr. Abdul-Malik McClain submits this memorandum in support of a sentence of 3 years of supervised release. This sentence is sufficient but not greater than necessary in light of Mr. McClain's lack of criminal history and his strong family and community support that provide a foundation for successful rehabilitation.

The Sentencing Guidelines are not mandatory and a district court may not presume that the Guidelines range is reasonable. See *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The Guidelines are entitled to no more weight than any of the other 18 U.S.C. § 3553(a) sentencing factors. Notably, Congressionally-directed guidelines are just as advisory as any other guideline and therefore equally subject to policy-based variances.

In *Vazquez v. United States,* 130 S. Ct. 1135 (2010), the Supreme Court remanded for reconsideration in light of then-Solicitor General Kagan's position that "all guidelines," including Congressionally-directed guidelines, "are advisory, and the very essence of an advisory guideline is that a sentencing court may, subject to appellate review for reasonableness, disagree with the guideline in imposing [sentence] under Section 3553(a)." U.S. Br. at 11, *Vazquez v. United States*, No. 09-5370 (Nov. 2009). As the Sixth Circuit has previously recognized, "all of the sentencing guidelines are advisory," including those directed by Congress. *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009) (emphasis in original). Congressional directives "tell the Sentencing Commission, not the courts, what to

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

do," and "a directive that the Commission specify a particular Guidelines range is not a mandate that sentencing courts stay within it. *Id*. at 328.[1]

Ultimately, the Court must fashion a sentence that is appropriate, taking into account all of the section 3553(a) factors. *Gall*, 552 U.S. at 49-50. Under section 3553(a), a sentence should be sufficient, but not greater than necessary, to achieve the goals of sentencing. See also *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Through this directive of parsimony, Congress embedded in federal sentencing legislation the moral imperative to impose on any individual the least amount of suffering demanded by the general welfare. Consideration of the advisory Guidelines range, while required, is subordinate to the overarching Congressional mandate that the punishment be no greater than necessary to achieve the objectives of sentencing. As such, the sentencing Court must impose a particularized sentence minimally sufficient to accomplish the statutory purposes of sentencing.

## II.    THE INDIVIDUAL BEFORE THE COURT

Abdul Malik McClain is a 26 year old with no prior criminal history who now faces sentencing for his very first conviction. To understand how he came before the Court, it is important to recognize both his lifelong dedication to his family and the circumstances of fear and desperation that led to this offense. Mr. McClain has always been a loving husband, father, and son, known for working hard to provide for his family and for contributing positively to his community. Mr. McClain's athletic scholarship provided pathway to higher education and professional

---

[1] None of the Guidelines at issue in this case – the drug guideline, the gun guideline, and the fraud guideline – were promulgated as a result of the Commission's use of institutional expertise and, instead, were crafted with congressional dictates and the opinions of law enforcement at the forefront. As such, each of the Guidelines is subject to the policy disagreement and the variances outlined in Vazquez. See generally U.S.S.G. § 2D1.1 comment, backg'd) (2021) (explaining that the drug guideline was crafted to be proportional levels established by statute); United States Sentencing Commission, Firearms and Explosive Materials Working Group Report (Dec. 11, 28 1990) (noting the input of ATF in crafting the increases to the firearms guidelines); Jeffery S. Parker & Michael K. Block, The Sentencing Commission, P.M. (Post- Mistretta):  Sunshine or Sunset?, 27 AM. CRIM. L. REV. 289, 319 (1989) (explaining that increases in the fraud guideline reflected increased congressional attention to then- current fraud and insider trading scandals).

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

opportunity. When injury foreclosed this path, he faced specific financial pressures. This context—loss of planned trajectory combined with family financial obligations—explains (though does not excuse) his decision to exploit the EDD vulnerability. He made a deeply regrettable choice that was motivated to benefit his family, a role he assumed at a young age.

Mr. McClain was born on October 10, 1999 in Riverside, California to Abdul Malik McClain and Shanrika McClain. At present, he does not have a relationship with his father and is unsure where his father is residing or what he is doing. (PSR ¶¶66-67). His parents separated when he was 10 years old and Mr. McClain never had a stable home, primarily raised by his mother Shanrika McClain in Georgia.

Growing up, Mr. McClain felt that his father had abandoned him when his parents separated. Mr. McClain's central parental figure, Shanrika, raised four children as a single parent, and the family relocated back to California when Mr. McClain was 16 years old. However, Mr. McClain spoke with his father by telephone during the high school years on days Mr. McClain had a football game. (PSR ¶¶74).

Mr. McClain assumed parental duties at a young age, and started taking care of his younger brothers (Munir, Alaa, Mansur). By adolescence, Mr. McClain was responsible for and served as the central parental figure for his younger siblings. These relationships exemplify the fact that Mr. McClain's life has always been shaped by family ties and that his family grew to depend on him at a young age. Research finds that early parentification is a series of role reversals where a child is placed in the role of needing to care, either physically or psychologically, for a parent or siblings. "Parentified children are usually exposed to issues that they cannot fully comprehend (such as parental substance use or mental health issues), [and] may be required to manage problems that feel scary or that are too complex for a child to

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

manage." Dr. Ahona Guha, The Parentified Child in Adulthood, Psychology Today, October 24, 2022, available at https://www.psychologytoday.com/us/blog/prisons-and-pathos/202107/the-parentified- child-in-adulthood. Moreover, "anxiety remains a highly common feature of the experiences of parentified children." *Id.*

Mr. McClain recalls having a difficult childhood, and sought refuge in playing sports -- baseball, basketball and football growing up – and quickly excelled as an athlete. He chose to play at the University of Southern California (USC) on an athletic scholarship, but his relationship with his father strained when he suffered a knee injury and could not play. After his injury, he attempted to continue his athletic career and college studies at Jackson State University and Texas College. At Jackson State University, he suffered two additional injuries and was unable to play. He could not complete his studies at Texas College because of financial issues, and continued his studies at Saddleback Community College. Mr. McClain estimates he has 15 credits remaining before earning his college degree.



Family has always defined Mr. McClain. He is a dedicated father of three sons: Adhan (age 3), Kyro (age 1) and Major (age 8 months). He takes pride in raising his children and is encouraging them to avoid the mistakes he made. While on supervised release, he has celebrated their milestones and encouraged their ambitions, instilling in them a sense of perseverance that reflects his own upbringing. These family connections are the heart of who Mr. McClain is, and they remain his greatest motivation to change course and ensure that this mistake is never repeated.

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

Mr. McClain's devotion to family has always extended outward into his community. He has coached youth sports, and has worked to provide clothing and resources to the unhoused community near the University of California at Los Angeles. USC Department of Public Safety Chief John Thomas describes Mr. McClain as "the epitome of leadership, student excellence and community service." Mr. Charles Jordan observed that Mr. McClain's "intentions have always been rooted in the well-being of those around him, particularly his family." These qualities reveal the broader truth about Mr. McClain's character: that he has always sought to build, support, and uplift those around him. These ties, combined with his deep family connections, create a strong foundation for accountability and rehabilitation.

Yet even as he devoted himself to his family and community, Mr. McClain has struggled with health and emotional challenges. As noted above, he suffered from various athletic injuries to his meniscus and shoulder. In 2019, he underwent surgery to repair a torn meniscus, and underwent a second surgery in 2020 to repair his shoulder. He continues to manage pain whenever the knee is strained. Last year, he was involved in a trucking accident while delivering materials in Wisconsin.

Alongside these physical struggles, Mr. McClain has also faced significant mental health challenges. He has long struggled with anxiety and depression, conditions that were aggravated by financial strain of trying to provide for his family during difficult times. Anxiety has often left him feeling overwhelmed and restless, while depression has created periods of hopelessness that clouded his judgment. Although Mr. McClain has attempted to manage these conditions on his own, they have had a demonstrable impact on his decision-making and his ability to cope with stress. These struggles do not define who he is, but they highlight the

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

importance of reentry programming and continued support so that he can move forward in a healthier and more stable way.

At 26 years old, Mr. McClain stands before the Court for the first time in his life. His appearance here does not reflect a pattern of criminal behavior but rather isolated mistakes made in response to acute financial pressure and poor judgment. He has expressed deep remorse and shame for his actions, acknowledging that his conduct risked his freedom, his future, and the well-being of the family he treasures. Yet his devotion to his partner, his children, his mother, and his siblings has not wavered. With their ongoing support, and with his own determination to honor the values he was raised with, Mr. McClain is committed to rebuilding his life in a way that honors the love and loyalty of those who continue to stand by him.

## III.    THE PRESENTENCING REPORT AND RECOMMENDATION

On August 12, 2024, the United States Probation Office ("USPO") timely disclosed the Recommendation Letter ("Rec. Ltr.") and Presentence Report ("PSR"). (Dkts. 54, 55.)

### A. Objections

The defense makes the following objection and clarification to the PSR:

1.  Mr. McClain qualifies as a zero-point offender under U.S.S.G. §§4C1.1(a) and (b).

Mr. McClain has no criminal history points and has never before been convicted of a federal offense. The instant case marks his first time before this Court, and the guideline's two-level reduction is intended precisely for defendants like him, who do not have a sustained criminal record. The Sentencing Commission has emphasized that zero-point offenders present a significantly reduced risk of recidivism compared to repeat offenders. Applying this reduction here properly

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

reflects Mr. McClain's background and reinforces that he is not someone with an entrenched pattern of unlawful behavior.

The Sentencing Commission's 2024 research on zero-point offenders demonstrates they are rearrested at rates of 26.8%, compared to 42.3% for one-point offenders within the same criminal history category—the largest variance within any single category. This data supports the Commission's determination that the two-level reduction under §4C1.1 is appropriate and reflects empirical reality about defendants like Mr. McClain

## IV.    SENTENCING CONSIDERATIONS

### a.    **The Plea Agreement**.

In exchange for Mr. McClain's guilty plea and waiver of his trial and most appellate rights, the parties have agreed to jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures (if applicable):

a.  Base Offense Level ……………………….……………...…….…7

b.  Loss Greater than $550,000 and less than or equal to 1,500,000.0…………………………………………......…..+14

c.  Use of means of ID to obtain means of ID……………......…....+2

d.  Leader/Organizer……………….…………………..……+4

e.  Acceptance of Responsibility …………………………..…..-3

In addition, the parties have further agreed that Mr. McClain and the Government may request or recommend additional adjustments and departures under the USSG and sentencing reductions under 18 U.S.C. section 3553.

In light of this agreement, Mr. McClain submits the following additional information for the Court's consideration.

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

1.     Mr. McClain accepted responsibility for his conduct at an early stage of the proceedings. He entered a timely guilty plea, sparing the government and the Court the time and resources that would have been required for trial. Beyond his plea, he has consistently expressed genuine remorse for his actions and has acknowledged the seriousness of his involvement. He has also demonstrated insight into the poor decisions that led to this offense and has described this case as a turning point in his life. Under U.S.S.G. §3E1.1, a three-level reduction is therefore appropriate, reflecting his early plea, his cooperation, and his willingness to confront his mistakes directly.

2.     Mr. McClain qualifies as a zero-point offender under U.S.S.G. §§4C1.1(a) and (b). He has no criminal history points and has never before been convicted of a federal offense. The instant case marks his first time before this Court, and the guideline's two-level reduction is intended precisely for defendants like him, who do not have a sustained criminal record. The Sentencing Commission has emphasized that zero-point offenders present a significantly reduced risk of recidivism compared to repeat offenders. Applying this reduction here properly reflects Mr. McClain's background and reinforces that he is not someone with an entrenched pattern of unlawful behavior.

**b. <u>Advisory Guideline Range</u>**

As indicated above, Mr. McClain starts at a Base Offense Level of 7 for mail fraud under USSG §2B1.1(a)(2). The offense level is increased by 14 levels based on the value of the loss funds pursuant to USSG §2B1.1(b)(1)(G), two levels because means of ID were used in obtaining the funds under USSG §21.1(b)(1), and four levels for Mr. McClain's involvement in the crime. With these adjustments, Mr. McClain's subtotal is 27. From there, he receives a two-level reduction as a zero-point offender under USSG §4C1.1, and a three-level reduction for acceptance of

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

responsibility under USSG §3E1.1. Mr. McClain therefore ends with a total offense level of 22. At 22, with a Criminal History Category of I, his advisory guideline range is 41 to 51 months. See USSG, Sentencing Table and the Probation Officer's Presentence Investigation Report.

### c. <u>Factors Under Title 18, United States Code, Section 3553(a)</u>

Under the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338 (2007) and *Gall v. United States*, 552 U.S. 38 (2007), when imposing sentence on a criminal defendant the district court must first correctly calculate the advisory sentencing guideline range and then determine an appropriate sentence based on all of the factors set forth in 18 U.S.C. Section 3553(a).  See *United States v. Carty*, 520 F.3d 984, 991-992 (9th Cir. 2008). After consideration of these factors, the statute directs the court to impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing set forth in subdivision (a)(2).  The "parsimony provision" represents the overarching command of the statute.  *Kimbrough v. United States*, 552 U.S. 85 (2007).

After determining the proper advisory Guideline range, the Court must evaluate whether the sentence is substantively reasonable and comports with the purposes of sentencing.  Specifically, federal law requires that the Court consider the following factors in imposing sentence:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed –

    a.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b.  to afford adequate deterrence to criminal conduct;

    c.  to protect the public from further crimes of the defendant; and

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

d.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

*See* Title 18, United States Code, Section 3553(a).

Applying these factors, it appears that a variance under Section 3553(a), although greater than the variance recommended by United States Probation, is warranted in this case.

1.  <u>Nature and Circumstances of the Offense</u>

Mr. McClain's history and characteristics are fully detailed in Section II, above, and in the Presentence Investigation Report. The seriousness of this offense is undisputed. However, the nature and circumstances of this offense occurred during a period when the Employment Development Department system presented unprecedented structural vulnerabilities. In 2020, when California was under economic lockdown, the EDD faced massive volume spikes, minimal verification protocols, and non-specialized federal enforcement posture regarding fraudulent claims. Simultaneously, my client faced acute financial pressure: his athletic scholarship money had ended, he was ineligible for other types of relief and had exhausted personal savings and obligations for his family.

Mr. McClain made the criminal choice to exploit the EDD system's vulnerability during this window of opportunity. This was not a victimless exploitation of a minor administrative program—it was federal fraud during a national emergency. He deserves punishment; however, the distinction between fraud perpetrated during the nascent federal enforcement period of 2020-2021 and fraud committed in 2025, after three years of dedicated task forces and consistent prosecution, informs the degree of that punishment under §3553(a). My client's decision to commit fraud reflected the incentive structure that existed at that moment—low perceived risk, immediate benefit, structural vulnerability. When the federal government substantially altered that incentive structure through consistent

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

enforcement, the rational calculus changed. Sentencing my client as though he acted under the post-2022 enforcement environment would fail to account for the temporal and structural context of his specific offense.

Also, while the sentencing guidelines recognize Mr. McClain's role as an organizer, the specific nature of that organization—the structure, duration, scale, and sophistication of his leadership—differs materially from the archetypal conspiracy leadership that enhancements of this kind are designed to address. This crime was not committed by a criminal organization, and Mr. McClain's role was not to design a complex scheme, manage dozens of subordinates, or operate a transnational criminal enterprise. Mr. McClain exercised no authority over others who received these funds and had no power to exclude anyone from submitting an application for the funds. Courts regularly consider these distinctions when applying §3553(a) factors to determine an appropriate sentence within or below the guideline range.

Moreover, following his arrest, Mr. McClain significantly contributed to the efficiency of the legal process by accepting a plea agreement, thereby saving the government time and resources. Additionally, he has demonstrated a clear acceptance of responsibility for his actions and acknowledged the poor judgment that led to his offense.

### 2. **History and Characteristic of Mr. McClain**

The history and characteristics of Mr. McClain are documented as set forth in section II. Individual Before the Court, supra, and the Presentence Investigation Report, and are incorporated herein by reference.

Mr. McClain is a 26 year old man with no prior criminal convictions who has otherwise lived a law-abiding and productive life. He is a devoted partner, father, brother, and friend, known for his loyalty to family and his commitment to his community. His involvement in this offense was the result of financial strain and coercion, not a reflection of who he has been for the majority of his life.

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

Mr. McClain's character is also reflected in the life he has led within his community. He has consistently shown himself to be a compassionate and dependable neighbor, including dedicating his time to coaching youth sports. Friends and colleagues describe him as someone who could always be counted on to step in and help, whether it was supporting a community project or offering assistance to those in need. These years of positive contributions underscore that Mr. McClain's identity is not defined by this offense, but rather by his steady record of generosity, reliability, and commitment to those around him.

Mr. McClain has acknowledged substance abuse during the period of this offense. These conditions left him emotionally vulnerable and more susceptible to poor decision-making. Although he has managed his symptoms as best he can, his mental health remains fragile and would benefit greatly from consistent treatment and counseling.

Despite these hardships, Mr. McClain has expressed deep remorse for his actions and will explain in more detail at sentencing. He has accepted responsibility at an early stage, sparing the government significant resources, and he has described this case as a profound turning point in his life. He has reflected on the harm his conduct has caused to his family and to himself, and he is committed to rebuilding his life with honesty and stability.

Mr. McClain would benefit from participation in reentry and rehabilitative programming through the Bureau of Prisons, including cognitive behavioral therapy, mental health counseling, and vocational training. Mr. McClain's history and characteristics demonstrate that this offense is an aberration, not a pattern of conduct. With appropriate treatment and supervision, he has the potential to return to his role as a supportive partner, father, and son, and to continue being a valued member of his community.

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

a. <u>Family support aids rehabilitation and lowers risk of recidivism.</u>

In the case of *U.S. v. Sayad*, 589 F.3d 1110 (10th Cir. 2009) "where defendant convicted of interstate delivery of 11 kilograms of cocaine and guidelines say 57 months, sentence of probation is reasonable in part because, unlike in most cases, here strong family support which will aid rehabilitation."

Beyond his own commitment to change, Mr. McClain possesses a powerful protective factor: strong and enduring family support. His family has remained steadfast throughout this process, offering both encouragement and accountability as he works to move forward. His children remain a source of profound motivation, as they depend on him for guidance, stability, and love. He remembers his father's absence and is determined to be more present in his children's lives than his own father was in his. These family connections, along with the support of his siblings who remain in Orange County, ensure that Mr. McClain will have a strong familial network to return to. Mr. McClain's family support extends beyond emotional encouragement. This network provides the accountability structure that research shows correlates with successful reentry. Unlike many federal defendants, Mr. McClain does not face reentry into instability—he faces reentry into structure.

Additionally, Mr. McClain has long been a strong and reliable figure in his community, and his neighbors and friends he once supported are now committed to standing by him as he works to rebuild his life. The presence of this support system provides the structure and accountability necessary for his successful reintegration and strongly indicates that he is capable of remaining law-abiding in the future.

b. <u>Prison Time More Significant for First Offender so Below Guideline Sentence More Just</u>

For a first-time offender such as Mr. McClain, a term of imprisonment carries greater weight and deterrent value than it would for someone who has been previously incarcerated. Federal courts have consistently recognized that the experience of prison is uniquely significant for defendants with no prior record. The

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

United States Sentencing Commission itself has acknowledged that imposing lengthy terms on first-time offenders may create punishments "greater than necessary" to achieve the goals of sentencing.

In *United States v. Willis*, 479 F. Supp. 2d 927 (E.D. Wis. 2007), the district court emphasized that a below-guideline sentence was appropriate in a drug case where the guidelines called for 120 months but the court imposed 60 months instead. The court reasoned that the statutory minimum sentence already represented a "substantial punishment" for a defendant who had never before been to jail or prison and who did not engage in violence or dangerous behavior. The court found that this shorter term was sufficient to deter the defendant and protect the public, recognizing that the first experience of incarceration has a greater impact on a first offender than on a recidivist.

Similarly, in Mr. McClain's case, even a relatively modest custodial sentence will be profoundly impactful. At 26 years old, Mr. McClain has never before been incarcerated. A sentence of supervised release will not only punish and deter him but also send a clear message to others, without resorting to the unnecessarily severe range recommended by the Guidelines. Just as the court in *Willis* recognized, the reality of imprisonment for someone with no prior exposure to jail or prison is itself a powerful sanction, making a below-guideline sentence more just and proportionate.

3. The Need for the Sentence Imposed

The Court must also consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide Mr. McClain with the necessary treatment, structure, and programming to support his successful reentry.

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

A sentence of three years of supervised release with conditions for reentry programming, satisfies each of these goals. Federal probation is a significant sanction for a first-time offender who has never before been incarcerated, and it will impress upon Mr. McClain the seriousness of his conduct. At the same time, such a sentence avoids imposing punishment greater than necessary, consistent with section 3553(a)'s command that courts impose the least severe sentence sufficient to achieve the goals of sentencing.

This sentence will also provide adequate deterrence. Mr. McClain is 26 years old with no history of violence or prior convictions, and he has never before experienced incarceration. Longer terms are not necessary to achieve deterrence, particularly given Mr. McClain's age, lack of criminal background, and demonstrated remorse.

Protecting the public is also a central consideration. Mr. McClain poses no risk of violence, and the record shows that his involvement was limited and motivated by financial strain and threats, rather than a desire for ongoing criminal activity. With his age, strong family ties, and long history of positive contributions to his community, Mr. McClain is extremely unlikely to reoffend. Supervision, coupled with reentry programming, will ensure that the public remains protected while supporting his rehabilitation.

Finally, the recommended sentence will allow Mr. McClain to access programs that will address his needs and provide him with structure as he transitions back into the community. Mr. McClain supports his three children, and his partner does not work. Various exhibits that document Mr. McClain's work history are included and attached as exhibits to this Sentencing Position.

> a. <u>To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment</u>

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

Based on all of the circumstances, a sentence of supervised release adequately reflects the nature of the offense. While the offense was serious, Mr. McClain's personal financial gain was substantially less than the total loss amount, suggesting his role was not as central as the loss figure might indicate. A sentence at this level still sends a strong message that such conduct is unacceptable, while avoiding a punishment that would overstate his culpability.

Similarly, such a sentence promotes respect for the law. Mr. McClain has already been deeply impacted by his arrest, prosecution, and the weight of federal sentencing. He has had painful and honest conversations with his partner and siblings about the choices that led him here, and he has accepted the shame and disappointment that his actions caused his family. He has expressed heartfelt remorse, acknowledging that his decision was misguided and damaging. He understands now that such behavior not only endangered his own future but also betrayed the values of responsibility and integrity that he has long tried to instill in his children and grandchildren.

Supervised release also provides just punishment under the circumstances. This is Mr. McClain's first criminal conviction, and the experience of being incarcerated, separated from his family, and facing federal sentencing has been sobering and transformative. As a first-time offender, Mr. McClain's experience with the criminal justice system has provided sobering perspective on the gravity of his mistake. He has come to realize that continuing on this path would only cause more pain and destruction, and instead, he is committed to rebuilding his life with the stability and responsibility that his family and community have always known him for.

Mr. McClain's remorse is genuine. He accepts responsibility for his actions without excuse, recognizing that he alone is accountable for the choices he made.

His recognition of the harm caused and his proactive commitment to change demonstrate that a sentence of supervised release is sufficient but not greater than necessary to achieve this statutory goal.

      b.    <u>To Afford Adequate Deterrence to Criminal Conduct</u>

Supervised Release also adequately serves the statutory purpose of deterrence. Mr. McClain has never before been convicted of a crime, and the experience of being arrested, prosecuted, and held accountable in federal court has already had a profound impact on him. At 26 years old, the prospect of incarceration is especially daunting – both the separation from his young children and the inability to provide for them financially are profoundly meaningful deterrents.

General deterrence is also served by such a sentence. It demonstrates that mail fraud carries serious consequences. The public will understand that participation in financial crimes tied to criminal conduct cannot be excused, while at the same time recognizing that justice requires proportionality. A below-guideline sentence here still communicates accountability and reinforces the seriousness of the offense.

Importantly, Mr. McClain's age, lack of prior convictions, and deep ties to family and community make him highly unlikely to reoffend. The Sentencing Commission has consistently recognized that first-time offenders like Mr. McClain present a significantly reduced risk of recidivism. The deterrent value of a lengthy prison term is minimal compared to the rehabilitative benefit of a sentence that allows him to remain with his children and family, and continue contributing positively to his community. A sentence of supervised release is therefore sufficient, but not greater than necessary, to satisfy both personal and general deterrence under § 3553(a)(2)(B).

      c.   <u>To Protect the Public from Further Crimes of the Mr. McClain</u>

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

The Court must also consider whether a custodial sentence is necessary to protect the public from future crimes by Mr. McClain. In this case, the risk of recidivism is exceptionally low. As the Sentencing Commission has noted in research on zero-point offenders, first-time offenders with Mr. McClain's demographic profile and family structure present recidivism rates substantially below the general federal offender population. Mr. McClain is 26 years old, with no prior criminal convictions, and his life has been defined by family, community, and hard work rather than criminal conduct. This offense represents an isolated lapse in judgment, influenced by financial strain and external pressures, not a pattern of ongoing unlawful behavior.

Mr. McClain has expressed sincere remorse and shame for his actions. He has acknowledged the gravity of his mistake and has reflected deeply on the harm it has caused his family and his own future. He has strong motivation to avoid any further involvement in criminal activity, as his priority is to remain present for his partner, children, and infant children. His family support system is extensive and committed, ensuring that he will have the accountability and structure necessary to succeed upon release.

Moreover, the Sentencing Commission has recognized that defendants who are first-time offenders, particularly those with strong community and family ties, present a much lower risk of recidivism than repeat offenders. The public is best protected not by imposing a lengthy custodial sentence on Mr. McClain, but by allowing him to remain under supervised release conditions that will provide monitoring, guidance, and structure. This sentence adequately strikes the appropriate balance between accountability and protecting the public, without imposing a punishment greater than necessary.

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

d. <u>To Provide Mr. McClain with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner</u>

Another purpose of sentencing is to ensure that the defendant receives the medical care, mental health treatment, and structured support necessary for rehabilitation. Mr. McClain has a history of marijuana abuse, and has participated in this Court's STAR program since 2024. His participation in the program confirms the need for substance abuse training and education, and addressing these issues through counseling and structured treatment will be far more effective in reducing the risk of recidivism than a lengthy custodial term.

e. <u>Summary and Request for Variance</u>

In 2020-2021, the EDD system represented a systemic vulnerability that individuals facing hardship could receive funds with relative ease. Mr. McClain facing acute financial need during the economic lockdown, responded to the incentive structure of a vulnerable system: he perceived high probability of approval, low detection risk, and immediate financial benefit. This is rational actor analysis, not excuse—it explains the timing and nature of the offense, which informs §3553(a) analysis.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**



Mr. McClain comes before this Court with powerful mitigating factors. He has no criminal history points, qualifies as a zero-point offender, and his record otherwise reflects a life of family devotion, community involvement, and some education. He has 15 credits remaining from receiving his college degree. His three young children and other family members who depend on him for financial support. The support of his partner, siblings, and extended family provides him with the stability and accountability necessary to ensure his rehabilitation.

Taken together, these considerations demonstrate that a guideline sentence of 37 to 46 months is greater than necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). A sentence of three years of supervised release with conditions for reentry and mental health programming, appropriately balances the seriousness of the offense with Mr. McClain's personal history and strong potential for rehabilitation.

For these reasons, Mr. McClain respectfully requests that this Court impose a sentence of three years of supervised release with conditions for reentry programming, mental health treatment, and substance abuse counseling, as a sentence that is sufficient but not greater than necessary to accomplish the goals of sentencing.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

1

2

3   Dated: January 16, 2026                        Respectfully Submitted,

4                                                 **FILER | PALMER, LLP**

5

6                                        By: _____.

7                                                 Justin A. Palmer

8                                            Counsel for Defendant,
                                             ABDUL-MALIK MCCLAIN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ABDUL- MALIK MCCLAIN'S POSITION RE: SENTENCING; EXHIBITS**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**UNIVERSITY OF CALIFORNIA, LOS ANGELES**                                        **UCLA**

BERKELEY · DAVIS · IRVINE · LOS ANGELES · MERCED · RIVERSIDE · SAN DIEGO · SAN FRANCISCO          SANTA BARBARA · SANTA CRUZ



POLICE DEPARTMENT
601 WESTWOOD PLAZA
BOX 951364
LOS ANGELES, CALIFORNIA 90095-1364

April 4, 2024

To Whom it Concerns:

I'm writing you in support of Mr. Abdul-Malik McClain. As the current Chief of Police for the UCLA Police Department, and as the previous Chief of the University of Southern California Department of Public Safety (where I served 16 years) and a law enforcement executive in the City of Los Angeles now in my fourth decade of service, having also served with the Los Angeles Police Department (both as a full time sworn officer for 21 years, and as a Level 1 Reserve officer for 17 years), I met Mr. McClain quite a few years ago while I was serving at USC and he approached me with an idea of providing shoes to some of the members of the large unhoused members of the community living around the university.

During my entire tenure serving at both universities, that stands as the only time a student on his/her own initiative sought to collaborate with law enforcement to help the homeless living within the community. I agreed to assist him and other student athletes that he'd elicited to help and we were not only to successfully provide the donated shoes to members of the community, but, he launched several other initiatives (clothing and food drives) to aid the less fortunate members of the community. Each event were partnerships between our department and, students and community organizations.

He was and remains the epitome of leadership, student excellence and community service. Through him I was also able to meet other members of his similarly community service-oriented members of his family who like him, I continue to maintain contact with. He has my continued support and mentorship.

I have every confidence in the character, commitment to excellence and achievement of future positive professional and personal goals of Mr. McClain. I appreciate and value his consistent dedication to helping those around him, and those in need and, I thank you for allowing me the opportunity to express my complete confidence and support of him and in his future endeavors.  Should you need any additional information, please do not hesitate to reach out to me personally.

Sincerely,

John Thomas
Chief of Police

June 20, 2024

To Whom It May Concern,

This is a letter of support for Abdul-Malik McClain. I was Malik's high school principal at JSerra Catholic High School and was fortunate to come to know him during his time at the school. I can speak to his character and the optimism I have for him in terms of his personal and professional future. I humbly request my comments can be taken into consideration with respect to his pending legal matters.

I fully realize Malik made a mistake, one for which he is contrite and one for which he is obligated to make restitution. I do not want to minimize that Malik did something he shouldn't have done and has a responsibility to atone for it.

However, I also know Malik was very young when the crime was committed and had no prior criminal record. While at JSerra, Malik was a model citizen who had no disciplinary infractions. He had a wide circle of friends and was known for his serious and demure countenance. He was well-liked by the students and staff alike. He was a well-regarded athlete recruited by colleges all over the country yet Malik did not act "high and mighty" as one might think a student in his position would. He was clearly very close to his family, and two of his younger siblings followed in his footsteps as JSerra graduates. Thus, my initial reaction when I heard about Malik's transgression was one of surprise as he does not fit the mold of someone who runs afoul of the law.

Malik learned an important lesson in the situation he finds himself. Our progress in humans is fundamentally centered around how we deal with adversity and how learn from our mistakes. My concern with a possible harsh sentence is that beyond being unnecessary, it would hinder the progress Malik would otherwise make in his life. I want Malik's story to be one of redemption, where he can show he made a mistake, demonstrated contrition, paid restitution, and then got on with his life in a productive manner. A lengthy sentence for a first offense for an otherwise good young man will militate against this. So, I am asking for mercy and prudence on behalf of Malik and his future.

I appreciate that this letter can be a point of consideration in evaluating what is just for those aggrieved and for Malik. If you perchance need to further discuss my thoughts about Malik, I am happy to discuss and can be reached at 949-357-7990.

Respectfully,

Eric Stroupe

Eric Stroupe
Principal
JSerra Catholic High School

←    Letter .docx


Makin

**DANIELLE I**
SOCIAL WORK

**CRAWFORD W. LONG MI**
3200 LATONA DR
ATLANTA, GEORGIA
404-802-4800 (P
404-802-4899 (

June 24, 2024

To Whom It Concerns:

    I'm writing this letter to express my support of Mr. Abdul-Malik McClain; an intelligent and caring young man whom I've had the pleasure of knowing for twelve years. My name is Danielle Livingston, a school social worker with Atlanta Public Schools and I have served students and families for 26 years. In my tenure with Atlanta Public Schools, I have worked with students in various capacities; however, Mr. McClain remains one of the sincerest and service-oriented students I have had the opportunity to guide. As an 8th-grade male, student-athlete, and leader, he asked me about having a leadership group for the boys of the school. His vision was for the 8th-grade boys to serve as ambassadors for overall programming and role models for the 6th and 7th-grade males. Mr. McClain's idea was accepted and came to fruition ultimately and gave students a sense of excellence in which to strive.

    Abdul-Malik's impact on creating a positive culture has never faded from my memory. He carried his caring influence to high school and as a 9th and 10th grader, he remained polite, and pleasant, and maintained his pure heart. To that end, I must say that he always made sure to help the special needs students get into the building and to the cafeteria for breakfast each morning during the chaotic period of buses arriving. In the middle of his 10th grade year, Mr. McClain moved to California where he matriculated through high school graduation. Though he was physically 2,000 miles away, his genuine efforts filled the atmosphere of the

    ll the void of their missing Abdul-



**Edit with the Docs app**

Make tweaks, leave comments, and share with
others to edit at the same time.

Mc Clain would enroll in the University
as a grown man. On his trajectory to
ve he started to get shoes for the
✓ that the 8th-grade male who started an
tinuing to live his purpose of serving

NO THANKS     

experiencing homelessness and do nothing.

cross or around another person

This is the kind of man who has shown that he wants to positively contribute to society, and I would like the opportunity to work with him again as he walks out the commands and desires that have been innately a part of his true self since he was a child. There is much work to be done in communities across the nation and I am confident that he wants to make a meaningful difference and help underserved communities. It is my belief that professional development opportunities will engage and foster the leader within this natural community servant, Mr. Abdul-Malik McClain. Thank you for allowing me to delineate my knowledge and support of this young man.

Sincerely,

Danielle Livingston

School Social Worker

June 24, 2024

Dear Your Honor,

My name is LaKesha Parker and I am a Deputy Labor Commissioner for the State of California-Division of Labor Standards Enforcement. I have been a public servant for the State of California for 23-years bringing about compliance for employees, educating employers and working with community based organizations.

I have known Abdul-Malik McClain for 24 years as he is my great nephew. Malik has always been a caring, compassionate, hard-working young man that is always willing to go above and beyond to help others. Malik has volunteered in various nonprofit organizations throughout Atlanta at an early age. Giving back to humanity by assisting at elementary and high schools and senior centers to help others in the community. Not only is he compassionate and caring in helping others in the community, he also has a passion for playing sports and excelling academically. Malik started playing football, basketball and baseball at the age of 5 years old and continued through middle school, high school and college.

Malik has donated shoes to members in the community, launched food drives and clothing to help those less fortunate. He is a caring big brother that loves and encourages his younger siblings, and other family members when needed and is a good person. I know Malik will continue to work hard in pursuing his professional and personal goals and helping others in a positive light.

I have watched him grow and mature into a kind, caring, dedicated young man and I continue to support him in his future endeavors.

Thank you

Best Regards,

*LaKesha Parker*

LaKesha Parker
Deputy Labor Commissioner

JUNE 26, 2024

## TO WHOM IT MAY CONCERN

I'M WRITING A LETTER OF SUPPORT ON BEHALF OF ABDUL MALIK McCLAIN. I HAVE KNOWN MALIK FOR OVER 24 YEARS. HE'S MY NEPHEW. CURRENTLY, I'M SERVING AS AN ASSOCIATE PASTOR AT LOVELAND CHURCH IN FONTANA CALIFORNIA. I HAVE WATCHED MALIK GROW UP AND MATURE INTO AN INTELLIGENT, HUMBLE, COMPASSIONATE AND HARDWORKING YOUNG MAN. HE HAS CONSISTENTLY SHOWN AND DEMONSTRATED A LOVE FOR GOD, FAMILY AND THE COMMUNITY.

WHILE ATTENDING THE UNIVERSITY OF SOUTHERN CALIFORNIA ON A FOOTBALL SCHOLARSHIP IN JANUARY 2020, MALIK VOLUNTEERED WITH OTHER STUDENTS TO SERVE ON THE UNIVERSITY OF SOUTHERN CALIFORNIA INIATIVE TO ELIMINATE HOMELESSNESS. THE INIATIVE WAS CALLED " THE WARM OUR NEIGHBORS " INIATIVE IN WHICH THE VOLUNTEERS PROVIDED FOOD, SHOES, CLOTHING AND BLANKETS TO THE HOMELESS IN & AROUND THE COMMUNITY.

MALIK COMES FROM A STRONG, CLOSE-KNIT FAMILY. HIS PARENTS RAISED HIM AND HIS 3 SIBLINGS VERY WELL. HE'S WELL REGARDED AND RESPECTED BY HIS PEERS AND COACHES, AND LOVED BY HIS FAMILY. HE HAS EXPRESSED A DESIRE TO USE HIS TALENTS, EDUCATION AND ABILITIES TO MAKE THE WORLD A BETTER PLACE.

SO, WHEN I FIRST HEARD OF THE ALLEGATIONS AND CHARGES MADE AGAINST MALIK I WAS SURPRISED, BECAUSE HE HAS NO PRIOR CRIMINAL RECORD. HOWEVER, MALIK MADE A POOR CHOICE IN BECOMING INVOLVED IN THE PENDING LEGAL MATTER. MALIK HAS SHOWN REMORSE AND CONTRITION AND HE SHOULD MAKE RESTITUTION. BUT, I BELIEVE IN REDEMPTION AND IN GIVING PEOPLE A SECOND CHANCE. I BELIEVE THAT HIS POSITIVE LIFE CONTRIBUTIONS AND IMMENSE LEADERSHIP POTENTIAL CAN BE REALIZED IF GIVEN THE OPPORTUNITY. SO I HOPE THAT THE COURT WILL BE MERCIFUL, GRACIOUS AND LENIENT WHEN EVALUATING SENTENCING ABDUL MALIK McCLAIN. IF YOU NEED ANY ADDITIONAL INFORMATION, DON'T HESITATE TO REACH OUT TO ME PERSONALLY BY PHONE.

SINCERELY,

EDDIE WILLIAMS
ASSOCIATE PASTOR, LOVELAND CHURCH

909-496-5783

To Whom It May Concern,

I am writing to courts on behalf of Abdul Malik McClain, a
young man I have known since his birth. My name is Charles
Jordan, and my own story is one of overcoming adversity to
achieve success. It is through this lens of personal growth and
understanding that I see Abdul Malik's McClain true character.
As a retired NFL football player, my journey was not the
traditional path to success. I found myself associating with the
wrong crowd and became a product of my environment. I was
incarcerated for crimes I did not commit, not once but twice.
Through all of this, I faced a great deal of adversity, but I
overcame it because I had one thing that was unwavering – my
family. The strong foundation laid by my mother and father, who
constantly guided me and taught me the difference between right
and wrong, instilled in me the realization that I was walking
down the wrong path.
Abdul Malik McClain has had a similar beacon of light in his
life. His mother is an amazing woman who has done a great job
raising her children. She has instilled in them her beliefs and
values. Abdul Malik McClain is a stellar example of her
teachings. He is an exceptional individual with a heart geared
towards helping others. His intentions have always been rooted
in the well-being of those around him, particularly his family. I
have witnessed his development into a responsible and caring
person, who, despite facing challenges, has maintained a
positive and supportive presence in his community.
In my journey, I have learned the importance of second chances
and the power of support. Abdul Malik McClain deserves the
opportunity to continue contributing positively to society. He is
not defined by a single moment but by the consistent and
commendable character he has shown throughout his life.

I stand by Abdul Malik McClain and offer my full support,
believing in his capacity for growth and his unwavering
commitment to doing good. Should you require any further
information, please feel free to contact me.
Please your honor I pray that you look deep into Abdul Malik
McClain eyes and see the good in this young man. I just
wouldn't like to see another good young man fall to the system.
Sincerely,

My name is Shanrika McClain, and I am writing to share the profound impact my son Abdul-Malik McClain charges of mail fraud have had on me and our family. Abdul-Malik McClain, my oldest son of four children, was born from a union blessed by God, then raised up as a young man in a single mom household. He has always been a pillar of strength and faith for our family.

From a young age, Abdul-Malik exemplified the values of compassion, generosity, and community service. He shared his blessings with his siblings, gave food and clothing to those in need, and consistently achieved good grades as a student. His faith has always been strong, and he has embodied the principles of our teachings by striving to care for family and friends. Whenever he encountered a homeless person, he would not only provide them with food and clothing but also offer them a kind conversation. His actions reflected a deep sense of empathy and responsibility.

I have watched my son grow from a baby to a dedicated student in elementary, middle, high school, college, and then to a caring and responsible father of two sons. He has always taken his role as the leader of our family seriously, positively impacting both us and our community. His efforts to support disadvantaged individuals have been relentless, always driven by a desire to see everyone around him thrive. Malik felt giving back to the homeless on Skid Row was his responsibility while attending University of Southern California as a student-athlete. He would ride a bike or walk throughout the community to help the homeless.

For the past four years, our family has been impacted emotionally, mentally, physically, socially, and economically strained as we have grappled with Abdul-Malik's legal battles. Knowing that he is fighting for his freedom has felt like a parallel fight for our own freedom. We are deeply connected, and his struggle reverberates through all aspects of our lives. The thought of my firstborn son potentially being confined to a prison, which I perceive as a modern-day institution of slavery, haunts me daily.

I pray fervently for mercy and grace for Abdul-Malik. I ask for a second chance for him to be free and to restore his life outside of prison walls. As a mother, my cry for his freedom is incomparable. Abdul-Malik dreams of playing football in the National Football League, completing his college degree, raising his children, and continuing to serve his community. At 24 years old, with his brain still developing, I beseech the judicial system to consider restorative justice. Grant him the opportunity to make amends and to live a life that benefits not only himself but also those he loves and serves.

This situation has been nothing short of horrific for our family. Abdul-Malik is an exceptional person and student-athlete. He attended JSerra Catholic High School, where he earned the title of Athlete of the Year and was a contender for the prestigious Dick Butkus Award. He was awarded over $3 million in scholarships to attend Division I colleges and chose to study Communications at the University of Southern California. Despite the high hopes and achievements, his current predicament marks a significant fall from grace.

I implore the judicial system to grant Abdul-Malik another chance to rebuild his life, earn his respect as a United States citizen, pay restitution, and fulfill his potential. Our family's faith, love, and support for him remain unwavering, and we believe in his ability to learn from this experience and emerge as a stronger, wiser individual.

Sincerely,

Shanrika McClain (Mother)

















